Pamela K. SPEER, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant–Appellee.

No. 04–16143.

D.C. No. CV–03–00487–DKD.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2006.*

Decided Feb. 27, 2006.

Mark Ross Caldwell, Caldwell & Ober, PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Michael A. Johns, Office of the U.S. Attorney, Phoenix, AZ, Donna M. Montano, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM**

Pamela Speer ("Speer") appeals the district court's affirmation of the Administrative Law Judge's ("ALJ") denial of her claim for Social Security disability benefits.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Speer suffers from fibromyalgia. The ALJ found that the "claimant's fibromyalgia with headaches and mild degenerative joint disease [were] severe impairments," but that Speer's allegations regarding her ailments were not entirely credible, and that "the claimant's medically determinable fibromyalgia [did] not prevent her from performing her past relevant work as a medical claims processor ... and customer service representative."

Speer's first claim is that the ALJ erred by relying upon the opinion of a nonexamining physician who did not testify at the hearing. The ALJ, however, relied primarily on the opinion of an examining physician: Dr. Keith Cunningham.

■ Speer's second claim is that the ALJ erred by rejecting the opinion of Speer's treating physician. The ALJ must provide specific, legitimate reasons for rejecting a treating physician's opinion to favor an examining physician's opinion. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir.1995). One of the reasons cited by the ALJ for rejecting the opinion of Dr. Phillip Hipps, Speer's treating physician, was lack of substantiation. Because Dr. Cunningham provided a brief explanation of his findings, where Dr. Hipps provided none, the ALJ's decision is valid.

■ Speer's final claim is that the ALJ erred in finding that Speer was not entirely credible. Credibility findings must be supported with specific, cogent reasons for the disbelief. *See Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.1990). While not all of the ALJ's bases for the credibility finding are cogent, evidence such as Speer's ability to complete forms during the same examination in which she complained that her hands hurt too much to

write substantiates the adverse credibility finding. When the record does not compel a contrary finding, we uphold the ALJ's determination. *See Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir.1995).

**AFFIRMED.**